Hiram McElroy *v.* John Barbee, et al.

**Mortgages—Rent—Demand for Possession of Property.**
> Where the mortgagor, without an express contract for rent under a sale of the property, is permitted to retain possession, he will not be liable for rent.

APPEAL FROM UNION CIRCUIT COURT.

December 6, 1870.

Opinion of the Court by Judge Robertson:

The circuit court by its first decree in this case, adjudged the assignment of the bond for a title of the house and lot fraudulent and void as to the appellees as mortgage creditors and decided also that, as the holder of the legal title, was entitled to a prior lien for the unpaid consideration of about $200 and as the appellant had satisfied that incumbrance for the benefit of the mortgagor

and mortgagees, the debt for securing which the mortgage was given should be credited with the amount so paid.  And on an appeal this court approved so much of the judgment as allowed that credit, but dissenting from so much of it as imputed fraud, adjudged an estoppel against the appellant's alleged equity to the house and lot on the ground that the assignment of the bond for a title to him did not take effect until after the mortgage, and also that he was privy to the mortgage and did not disclose his after asserted equtiy.  After the return of the case to the circuit court, the sale of the house and lot to satisfy the mortgage debt not having produced enough for full satisfaction even after crediting the amount paid by the apellant, a judgment was rendered against him for the deficit of about $240 for rent claimed by the appellees because he controlled the possession of the house and lot from the date of the mortgage to that of the decree.

As the court, in its former opinion, sustained the credit *as ordered by the circuit court,* we will not now enquire whether the appellant, instead of the mortgagor should have the amount so credited, but must treat this as *res adjudicata.*  But we can not affirm the decree against the appellant for rent, as the mortgagor or the appellant as his substitute was permitted by the mortgagees to retain the possession without any express contract for rent, the law did not imply any liability to them for rent.  If the mortgagees apprehend insecurity without the profits, their remedy was a demand of possession or the appointment of a receiver.  But this remedy having been waived they cannot hold the occupant responsible for the use.

Wherefore on this ground the judgment is reversed and the cause remanded for a modification striking out the decree for rent.

*Rodman, for appellant.*

*McElroy, for appellee.*